# GREENSPAN HART & ZIMNEK

ATTORNEYS AT LAW

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/08

Jeffrey C. Ruderman
email: jruderman@ghszlaw.com
Admitted NY, NJ and CT

March 25, 2008

Via Facsimile (212) 805-7901

RECEIVED
MAR 25 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S.D.N.Y.

Hon. Harold Baer, Jr., U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: Kettell v. Hall, Docket No. 08 civ 52

Dear Honorable Sir:

    This firm represents defendant Suzanne Hall in the above referenced action.

    I present this reply to plaintiff's letter objecting to the retention of an expert by defendant.

    Mr. Reames, the expert proposed by defendant, has informed me that he disagrees with the Sony "technicians", whose training is in the repair of such recording equipment. Mr. Reames' training as a forensic expert and use of cutting edge specialized equipment will enable him to see the markings which he indicates. He has extensive experience with the HDV tapes at issue (not HD tapes as stated by plaintiff) and is the qualified examiner that will determine if the tapes have been altered or are copies. Mr. Reames' use of the instruction manual is necessary to ensure and document that all tests conducted are in accordance with the specific manufacturer's requirements. Plaintiff has presented no qualified expert to counter the specific methodology which will be employed by Mr. Reames.

    The cost to retain the expert is not a concern of plaintiff as the cost will be borne by defendant, except to the extent that a claim may be made against plaintiff as an element of damages in the event that a determination is made that plaintiff altered the tapes.

    The equipment necessary to edit and re-record the tapes, the RAID drive, is now available for under $1,000.00. Just as plaintiff has an attorney friend to assist her in the litigation, as a professional camerawoman, she may certainly have a friend who has the available equipment. Plaintiff's claim that she did not, or could not, have edited the tapes, is no basis to deny defendant the right to have an expert analyze the tapes.

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661 5350
HACKENSACK, NJ

The fact that the expert will not determine who may have altered the tapes is not the basis to deny defendant's request. The expert is to determine if the tapes are copies or were edited. However, as only a few people have had access to the tapes, it will be for the Court to determine who may have done such acts after having heard the testimony and motivations of those parties.

Defendant has not viewed all 55 tapes, but only 5 or 6 tapes and each one has been altered. It is a fair assumption that many more of the tapes have been altered. As previously noted by defendant, the tapes have been altered in that sound is missing or scenes have been edited out of the tapes. The expert will determine if such allegations can be documented. It is the intention to have no more than 2 or 3 tapes analyzed at this time. If the expert does not find evidence of copying or altering based on those samples, we do not expect to continue with this avenue of the litigation.

It is noteworthy that plaintiff raises such vehement objections when she does not believe that the tests will reveal any evidence of copying or altering and such test will be conducted at the expense of defendant. There will be no prejudice to plaintiff to allow these tapes to be analyzed and, if defendant's expert is correct, defendant would be denied a valuable resource to support her claims.

While issue of ownership of the copyright is before the Court, the Court ruled on January 18, 2008 that neither party shall have the tapes at issue. In fact, plaintiff takes specific issue in her letter that defendant is seeking to gain access to the tapes through a "backdoor opportunity". Plaintiff, though, has admitted to copying some, if not all, of the tapes and retains them on a hard-drive computer disk. It is inequitable to allow plaintiff unfettered access to the footage at issue, while defendant has no such access. Defendant respectfully requests that plaintiff's hard-drive, and any other copies, be placed in a secure location where access is only permitted by the order of this Court. Defendant also asks that plaintiff disclose which tapes she has copied.

I thank the Court for its consideration in this regard.

Respectfully,

Jeffrey T. Rudeman

cc: Adele Kettell (via Email)

[Handwritten notes by Judge, partially legible:]

(1) Since [illegible] is out but [illegible] the expert who sounds qualified to me, he already ruled & the expert doesn't like the date on the [illegible] remand

(2) As to her [illegible] expert of her own

(3) As to tapes TT his copies are to be delivered either to Mr. Blum[?] or to the court for safekeeping or appeal you both to agree not or someone else would address

(4) I will either [illegible] future not or [illegible]

(5) Defendant is to forward a PT schedule for April 17 at 3 PM + the B's expert w/ a report w/in 2 days of the TT

(6) I agree [illegible] abide by them — obvious[ly]

w/ the date hereof & the date [illegible]

who is willing if he pays the costs — but [illegible] after + will be completed by the B's analysis [illegible] that date + send the PT to the last line [illegible] not counting the [illegible] pro bono lawyer

SO ORDERED:

Harold Baer, Jr., U.S.D.J.

Date: 3/26/08

Endorsement:

1. Since Defendant is paying for the expert who sounds well qualified to me, her objections (plaintiffs) are overruled and the expert will begin forthwith.

2. If the plaintiff doesn't like the outcome her remedy is to hire an expert of her own.

3. As to tapes plaintiff has copies of they are to be delivered either to the Court for safekeeping or to Mr. Blumenstein who appears to be an agreeable repository if he's willing within 10 days from the date hereof.

4. I would advise you both to pick a date and mediate either before me or someone else before the costs get out of hand.

5. I want a PTC to fill out a Pre-Trial Scheduling Order and will set it down for April 17 at 3 PM and the analysis should be completed by the defendant's expert with a report by that date.

6. I agree with the plaintiff's last two paragraphs and direct the defendant to abide by them obviously not counting the last line about pro bono lawyers.