# CYRULI SHANKS HART & ZIZMOR LLP

ATTORNEYS AT LAW

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

Jeffrey C. Ruderman
email: jruderman@csgzlaw.com
Admitted NY, NJ and CT

April 7, 2008



RECEIVED
APR 0 7 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

Via Facsimile (212) 805-7901

Hon. Harold Baer, Jr., U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Kettell v. Hall, Docket No. 08 civ 52

Dear Honorable Sir:

This firm represents defendant Suzanne Hall in the above referenced action.

I write this letter in response to the April 7, 2008 letter of plaintiff, Meg Kettell. Contrary to plaintiff's letter, the detailed description of the damage to the tapes is due in connection with the submission of tapes for analysis, not for defendant's review of the footage contained on plaintiff's computer hard drive. Further, in order for defendant to provide the detailed description defendant needs access to Mr. Blumenstein's office to review the tapes in greater detail. She has left him messages but he has not yet returned her calls. This delay, however, is unnecessary.

Defendant will not need to have such detailed information to determine if the footage she sees on the plaintiff's hard drive is as was originally filmed. The damage noted was not in connection with a few simple minutes of silent footage. It involves significant amounts of footage that are missing or without sound, such as an hour's worth of footage that was originally shot now resulting in only five (5) minutes of footage on a tape. Either plaintiff's footage will show the hour of footage or only five (5) minutes. There are numerous instances of type of discrepancy.

T/C   Plaintiff is available to view the footage being held in Court tomorrow or Wednesday this week, which would be in advance of the telephone conference tentatively scheduled for Monday, April 14, 2008. Defendant will be out of town Thursday through Monday. While she could review the footage in Court during the weeks following, she will not have availability during the weekends for the next several weeks.

420 LEXINGTON AVENUE, NEW YORK, NEW YORK 10170
TEL: (212) 661-6800 • FAX: (212) 661-5350
HACKENSACK, NJ

Defendant, who produced and directed this documentary, is fully capable of knowing whether the footage on plaintiff's hard drive contains the footage that was shot and that defendant herself viewed the day after filming. In fact, defendant herself shot some of the footage at issue. The purpose of this review is to determine if the footage on plaintiff's hard drive is in a condition which would enable defendant to complete the documentary and, therefore, provide a basis for settlement discussions. Defendant respectfully requests that she be permitted to view the footage in Court as expeditiously as possible during the Court's regular hours.

We thank the Court for its consideration in this regard.

Respectfully,

Jeffrey C. Ruderman

Enc.
cc: Meg Kettell (Via Email)

4/7/08

(1) There will be as I noted last week no more letters - then if sent, will be returned to sender - the π apparent didn't read that thought in my last missive so I thought to spell it out.

(2) The T/c will take place monday w/ JJ & D's attorney although in the day rage unless Mrs Hall is in flight her participation can be arranged

(3) The Courthouse is "dark" a term you meant understood, on the weekends & I have no intention of turning my clerk or any other clerk in on the weekend or having the lights turned on -

(4) We will talk Monday + will make a date before the T/c for Ms Natt to view the footage which requires no damage analysis. It that staged + will be carefully supervised.

(5) I can tell as she opines + it turns out we don't need the expert + perhaps it opens the door to an early resolution that would be the best of all possible worlds in Leibnitz said. SO ORDERED
Harold Baer
USDJ

Endorsement:

1. There will be as I noted last week no more letters - they if sent, will be returned to sender. The plaintiff apparently didn't read that thought in my last missive so I thought to spell it out.

2. The telephone conference will take place Monday with plaintiff and defendant's attorney although in this day and age unless Ms. Hall is in flight her participation can be arranged.

3. The Courthouse is "dark" a term you might understand on the weekends and I have no intention of bringing my clerk or any other clerk in on the weekend or having the lights turned on.

4. We will talk Monday and not make a date before the telephone conference for Ms. Hall to view the footage which requires no damage analysis at this stage and will be carefully supervised.

5. If defendant can tell us as she opines and it turns out we don't need the experts and perhaps it opens the door to an early resolution that would be the best of all possible worlds as Liebniz said.