USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/31/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MEG KETTELL,

                Plaintiff,

   - against -

SUZANNNE M. HALL a/k/a
SUSAN HALL, d/b/a
CRIMSON MOON PRODUCTIONS,

                Defendant.
------------------------------------x

08 Civ. 0052 (HB)(DFE)

This is not an ECF case

MEMORANDUM AND ORDER

DOUGLAS F. EATON, United States Magistrate Judge.

    1.  Pursuant to Judge Baer's 2/29/08 Order of Reference, he has asked me to rule on two matters:

        First.  Mr. Ruderman's 7/25/08 letter to Judge Baer, enclosing the signatures of Mr. Ruderman and Ms. Hall on a proposed order relieving Mr. Ruderman's law firm and permitting Ms. Hall to proceed as defendant *pro se*.  I have signed the proposed order, and I enclose a copy of it.

        Second.  Ms. Kettell's 7/28/08 letter to Judge Baer, requesting an order compelling Ms. Hall to (a) produce all documents responsive to Document Requests Nos. 1 through 19 in Ms. Kettell's 6/22/08 e-mail to Mr. Ruderman, and (b) to appear for deposition on August 22, 2008.

    2.  On the morning of July 31, 2008, I left a voice mail on Ms. Kettell's cellphone asking her to place a conference call to Ms. Hall and me.  However, I have not yet had a response from Ms. Kettell.  I received two e-mail letters from Ms. Hall shortly after 3:00 p.m. on July 31.

    3.  Judge Baer's 5/14/08 order directed that "discovery will be concluded by August 29."  Rules 33 and 34 allow 30 days for a response to interrogatories or document requests, and therefore July 30 was the deadline for either party to serve any interrogatories or document requests.  However, I hereby extend that deadline to August 4, 2008; as to any discovery requests served between July 31 and August 4, I direct that a full response must by served by August 29, 2008.

    4.  Judge Baer's 5/22/08 order added further deadlines, for

example: (a) No party may make a dispositive motion returnable after September 30, 2008 [this means that any such motion must be served by September 9, 2008]. (b) The Joint Pretrial Order is due by December 1, 2008. (c) The trial will be held during December 2008. None of those deadlines will be adjourned except on a showing of extraordinary good cause; the process of relieving Mr. Ruderman as attorney is **not** good cause for an adjournment, nor is the alleged fact that he did not advise Ms. Hall of these deadlines until July 25.

   5. I hereby direct Suzanne Hall to produce to Ms. Kettell, **no later than August 7, 2008**, the originals (for Ms. Kettell's inspection and copying) of all documents in Ms. Hall's possession or control that are responsive to any of Document Requests Nos. 1 through 19 in Ms. Kettell's 6/22/08 e-mail to Mr. Ruderman (copy enclosed). Alternatively, Ms. Hall may produce legible photocopies, at her own expense (for example, if Ms. Hall does not want to send the originals to Ms. Kettel, even by overnight mail with insurance coverage). Since Ms. Hall did not serve any objections to those Document Requests by July 22, she has waived any objections; however, I will make two exceptions:
(a) I limit Document Requests Nos. 1, 5, 6, 7, 10, 11, 13, 14, and 18 to documents concerning the "Pearl" or "Mexico" films, even though those Requests do not clearly state such a limitation; and (b) Ms. Hall may withhold any document on the ground of attorney-client privilege if she serves Ms. Kettell, no later than August 7, 2008, with the required privilege log (listing the date of the document, the author and all recipients of the document, the general subject matter of the document, and the reasons why the possessor of the document believes it, or some portion of it, is protected by the attorney-client privilege).

   6. I hereby direct Susan Hall to appear for up to seven hours of deposition questioning by Ms. Kettell **on September 3, 2008** at 9:15 a.m. (unless both parties agree in writing to another date which must be no later than Sunday September 7). If Ms. Hall serves Ms. Kettell with a written request to take her deposition, then I direct Ms. Kettell to appear for such deposition, within 44 hours after the completion of the deposition of Ms. Hall. As to each deposition, the questioner must bring a stenographer-reporter and must pay for the production of a transcript (and of a copy for the witness to keep). Unless the parties agree otherwise in writing, the location of each deposition will be 500 Pearl Street, and the parties and the stenographer must report at 9:15 a.m. to Room 120 at 500 Pearl Street, and the Clerk's Office will then direct them to a particular deposition room. I hereby direct each witness to

answer each question. I direct her not to state any objection to a question; instead, I will assume that she objects to each question; after she receives the transcript, she may (within 14 days) send me a copy of it along with a letter (with a copy to the questioner) in which the witness may specify any question as to which she presses an objection. At that point, I will rule on any objections and, if I agree with an objection, I may strike the question and answer and I may impose other sanctions.

7. If either party wants me to reconsider this Memorandum and Order, then she must confer with her adversary for at least 15 minutes and then place a conference call to me.

8. I will be unavailable from August 8 to 29. After August 7, any further correspondence should be addressed to Judge Baer, and not to me, except for any objections that a witness may send to me with a deposition transcript.

9. If either party fails to comply with any of my directives, then I will impose sanctions, which may include a recommendation that Judge Baer enter default judgment against the disobedient party.

*Douglas F. Eaton*
DOUGLAS F. EATON
United States Magistrate Judge
500 Pearl Street, Room 1360
New York, New York 10007
Telephone: (212) 805-6175
Fax: (212) 805-6181fax

Dated:   New York, New York
         July 31, 2008

Copies of this Memorandum and Order (and of Ms. Kettell's 6/22/08 e-mail to Mr. Ruderman, and of my 7/31/08 order relieving Mr. Ruderman's law firm) are being sent to:

Meg Kettell (via e-mail to megkettell@aol.com)

Jeffrey C. Ruderman, Esq. (by fax to 212-661-5350fax)

Suzanne M. Hall (via e-mail to shall333@earthlink.com)

Hon. Harold Baer, Jr.

\_.  .  .         . . . \                                  /183895352                    p.4

.dell v. Hall                                 http://mail.google.com/mail/?ui=2&ik=dc4080a37e&view=pt&q=kett...



meg kettell <megkettell@gmail.com>

## Kettell v. Hall

meg kettell <megkettell@aol.com>                                       Sun, Jun 22, 2008 at 4:53 PM
To: "Jeffrey C. Ruderman" <jruderman@cshzlaw.com>

Jeffrey -

I am writing to formally request that you produce the following documents as part of the discovery process. If you have any questions about any of the below listed items please feel free to contact me for clarification.

1. All emails, correspondence, communication and documents to and from all subjects, investors, crew, interviewees, post houses, editing facilities, editors, potential employees, contacts, vendors, interns, etc. for both "Pearl" and "Mexico" films up until the filing of the Small Claims Action in Court.
2. All correspondence between Ms. Hall and myself (from our first interaction).
3. All correspondence to and from Leonora Carrington, her husband, her sons, agents, family members, etc. on or about Leonora Carrington.
4. A detailed copy of all budgeting and finance information/records for both the "Pearl" and "Mexico" as well as a list of funders and their contact information.
5. Complete crew lists including, but not limited to, name, address, phone number, email, position, dates worked, amount paid and date paid.
6. Copies of all Crew Agreements with all employees, "Pearl" and "Mexico" projects.
7. Copies of all Releases/Cast Agreements with all subjects included in both films.
8. Detailed inventory of all "Pearl" footage/tapes, especially the tapes not included in the 55 Pearl Tapes in Mr. Blumenstein's possession, as well as a description of contents of each tape, dates, subjects, and crew members who shot the footage.
9. Detailed inventory of all "Mexico" footage/tapes, as well as a description of contents of each tape, dates, subjects, and crew members who shot the footage.
10. All correspondence to and from Rainlake Productions and its employees.
11. All correspondence to and from all current and former employees including, but not limited to: Todd Sheridan, Arun Chaundry, Rachael Levine, Erin Essenmacher, Tara Gadomski, Elan Bogarin, Jessy Mailings, Francisco Nunez, Tracy Utley, Jeaneen Bauer and Rodrigo & Leslie Casillas.
12. Letter from TSA agent at JFK airport, November 2007.
13. All correspondence and communication with Ms. Hall's original DP, who shot the "Pearl" trailer.
14. All correspondence and communication with Jendra Jarnagin, who originally put Ms. Hall in contact with me about the "Pearl" project.
15. Copies of cancelled checks to all employees for their work on either project or equivalent

7183895352  p.4

Kettell v. Hall    http://mail.google.com/mail/?ui=2&ik=dc4080a37e&view=pt&q=kett...

  documentation of payment.
16. Documents or receipts showing bailment of property at my apartment 197 Withers Street.
17. Any documentation accounting for and listing the 97 "Pearl" tapes.
18. Documents or receipts showing delivery of tapes to Todd Sheridan.
19. Any and all other documents Ms. Hall intends to offer into the Court in support of her Counterclaims or Defenses.

---

In addition to the documents listed above, I would like to know where your client stands on the issue of settlement, now that your client has viewed the tapes and had plenty of time to consider settlement.

In the absence of a settlement, I would like to take Ms. Hall's deposition at the end of July.

Sincerely,

Meg Kettell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MEG KETTEL,

                                Plaintiff,        08 civ 00052 (HB) (DFE)

                                                       CONSENT ORDER

    -against-

SUZANNE M. HALL a/k/a
SUSAN HALL, d/b/a
CRIMSON MOON PRODUCTIONS,

                                Defendants.
----------------------------------------------------------------x

       This matter having been opened to the Court by defendant Suzanne M. Hall, for an Order pursuant to Local Civil Rule 1.4 relieving and discharging the firm of Cyruli Shanks Hart & Zizmor LLP as attorneys of record for defendant Suzanne M. Hall a/k/a Susan Hall, d/b/a Crimson Moon Productions, and permitting Suzanne M. Hall to appear Pro-Se for defendant Suzanne M. Hall a/k/a Susan Hall, d/b/a Crimson Moon Productions, for good cause shown:

       It is on this 31st day of July, 2008

       ORDERED that the firm of Cyruli Shanks Hart & Zizmor LL is hereby relieved and discharged as attorneys of record for defendant Suzanne M. Hall a/k/a Susan Hall, d/b/a Crimson Moon Productions and Suzanne M. Hall hereby appears Pro-Se for defendant Suzanne M. Hall a/k/a Susan Hall, d/b/a Crimson Moon Productions; it is further

       ORDERED that a copy of this Order is to be served upon all parties within two days of the receipt of this Order.

July 31, 2008

SO ORDERED:

_____
~~HON. HAROLD BAER, JR., U.S.D.J.~~
DOUGLAS F. EATON
U.S. MAGISTRATE JUDGE

CONSENTED TO BY:

_____
Suzanne M. Hall

Cyruli Shanks Hart & Zizmor LLP

By: _____
Jeffrey C. Ruderman