```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
MEG KETTELL,                            08 Civ. 0052 (HB)(DFE)
                    Plaintiff,
                                        This is not an ECF case
     - against -
                                        MEMORANDUM AND ORDER
SUZANNNE M. HALL a/k/a
SUSAN HALL, d/b/a
CRIMSON MOON PRODUCTIONS,

                    Defendant.
---------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    1. My Memorandum and Order dated July 31, 2008 said in part:

> I hereby direct Susan Hall to appear for up to seven hours of deposition questioning by Ms. Kettell **on September 3, 2008** at 9:15 a.m. (unless both parties agree in writing to another date which must be no later than Sunday September 7). If Ms. Hall serves Ms. Kettell with a written request to take her deposition, then I direct Ms. Kettell to appear for such deposition, within 44 hours after the completion of the deposition of Ms. Hall. As to each deposition, the questioner must ... pay for the production of a transcript (and of a copy for the witness to keep). Unless the parties agree otherwise in writing, the location of each deposition will be 500 Pearl Street, and the parties ... must report at 9:15 a.m. to Room 120 at 500 Pearl Street, and the Clerk's Office will then direct them to a particular deposition room. I hereby direct each witness to answer each question. I direct her not to state any objection to a question; instead, I will assume that she objects to each question; after she receives the transcript, she may (within 14 days[; **on August 6 I changed this to 7 calendar days**]) send me a copy of it along with a letter (with a copy to the questioner) in which the witness may specify any question as to which she presses an objection. At that point, I will rule on any objections and, if I agree with an objection, I may strike the question and answer and I may impose other sanctions.

2.  On August 6, 2008, I held two telephone conferences with Ms. Kettell and Ms. Hall. Each woman said that she wanted to depose the other with an audio-video recorder rather than a stenographer. I said I would permit this, but I warned them that each witness is entitled to a written transcript, which is hard to prepare accurately. I did not set a deadline for preparing and delivering such a transcript; in view of the various deadlines in Judge Baer's 5/22/08 order, I hereby direct the questioner to **prepare a written transcript** and to **serve it via e-mail by September 11, 2008.** During the August 6 telephone conferences, I directed that each witness, after receiving the transcript, will have only seven calendar days (a) to serve any corrections and/or changes to the transcript and (b) to serve any objections to any specific deposition questions. Ms. Kettell proposed that she question Ms. Hall for up to 3 1/2 hours and that Ms. Hall then question her for up to 3 1/2 hours. I adopted this proposal; I further stated that they could then have additional rounds of questioning, up to a maximum of 7 total hours of questioning by either woman. I now clarify as follows. It may be that Ms. Kettell chooses to use less than 3 1/2 hours for a particular round of questioning; if so, then Ms. Hall may question for a minimum of one hour and a maximum of whatever will make Ms. Hall's current total equal to Ms. Kettell's. Neither side will give up the right to a total of 7 hours. In the second round, Ms. Kettell could question for a maximum of an additional 3 1/2 hours, even if her previous round was very short. The deposition rooms in the courthouse close at 5:00 p.m. If either woman wants to ask more questions and has not yet consumed her maximum of 7 hours, then the deposition process will resume at 9:15 a.m. on the next day, September 4.

3.  In the second telephone conference on August 6, Ms. Hall said that she had just missed a flight from Mexico back to her home in California. I gave her until August 8 to produce the documents described in my July 31 order. On the subject of those documents, Judge Baer subsequently received fax letters from Ms. Kettell dated August 18, from Ms. Hall dated August 18 but apparently completed on August 21, and from Ms. Kettell dated August 24. Judge Baer has asked me to rule on them. Ms. Kettell's August 18 letter requests "that Defendant's answer and counterclaims be stricken or, alternatively, that Defendant be precluded from offering any documents at trial that have not already been produced." For the reasons set forth below, I deny the first request but I grant the second request; I direct that Ms. Hall be precluded from offering any documents at trial (or in connection with any dispositive motion) that have not already been produced and that were called for by my July 31 order.

4. Ms. Kettell's August 18 letter says that Ms. Hall produced documents to her on August 9, 10, 11 and 13, but that Ms. Hall has ignored her August 16 e-mail asking Ms. Hall to "[p]lease confirm that you have sent me all of the documents that you plan to produce." Ms. Hall's response runs on for 8 pages, but it does not say whether those documents are or are not all of the responsive documents in Ms. Hall's possession or control. Ms. Kettell's August 24 reply states (a) that Ms. Hall produced a total of only 30 documents, (b) that Ms. Hall employed at least 15 freelancers on the Mexico and Pearl Projects, (c) that Ms. Hall has produced only one signed crew agreement, only four cancelled checks, no crew lists, and "no documents to show who else shot footage for the Pearl Project and who the Director of Photography was, if not me," and (d) that Ms. Hall has produced no document responsive to Plaintiff's Document Requests #3, #4, #5, #9, #10, #12, #13, #14, #16, #17, or #18. On this record, Ms. Kettell is entitled to an order precluding Ms. Hall from offering any documents at trial (or in connection with any dispositive motion) that have not already been produced to Ms. Kettell. On the other hand, I see no basis to strike the answer and counterclaims, and no basis to delay the depositions set to commence on September 3.

5. I respectfully direct the security officers at 500 Pearl Street to permit Ms. Kettell and Ms. Hall to bring audio and video recorders into the 500 Pearl Street Courthouse on September 3 and/or 4, 2008. Either woman is free to bring a neutral videographer, but I do not require this. They should proceed to Room 120 and ask for Cecilia Rudden; she will then direct them to a deposition room, probably on the 9th floor. They will have to leave the deposition room no later than 5:00 p.m.

6. I direct both parties to avoid colloquy; it wastes time and it will look bad to anyone who views the videotape. No matter how objectionable a question may be, simply proceed to answer and make no objection. No matter how objectionable an answer may be, do not make any comment; simply proceed to ask another question (if you have one) or to end your round of questioning. It should be unnecessary to contact me during the depositions; if one side insists, then both parties will have to come to my chambers in Room 1360, with their audio-video recorders. I will be working on other cases, and hence will be unavailable, on September 3 from 10:00 to 10:30 and from 2:00 to 5:00 and on September 4 from 9:15 to 10:30.

7. Judge Baer's 5/22/08 order set various deadlines, for example: (a) No party may make a dispositive motion returnable after September 30, 2008. [This means that any such motion must

be served by September 9, 2008, and this remains true even though you have not received a transcript of the depositions, nor my rulings on any objections.]   (b) The Joint Pretrial Order is due by December 1, 2008.  (c) The trial will be held during December 2008.  None of those deadlines will be adjourned except on a showing of extraordinary good cause.

    8.  If either party fails to comply with any of my directives, then I will impose sanctions, which may include a recommendation that Judge Baer enter default judgment against the disobedient party.

                                         /s/ Douglas F. Eaton
                                        DOUGLAS F. EATON
                                        United States Magistrate Judge
                                        500 Pearl Street, Room 1360
                                        New York, New York 10007
                                        Telephone: (212) 805-6175
                                        Fax: (212) 805-6181fax

Dated:    New York, New York
          September 2, 2008

Copies of this Memorandum and Order are being sent to:

Meg Kettell (via e-mail to megkettell@aol.com)

Suzanne M. Hall (via e-mail to shall333@earthlink.com)

Hon. Harold Baer, Jr.

-4-